Filed 9/2/22  P. v. Armendariz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077861 |
| v. | (Super.Ct.No. FWV21001539) |
| SAMANTHA ARMENDARIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael R. Libutti, Judge.  Affirmed.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Samantha Armendariz appeals from a final judgment following a no contest plea.  For the reasons forth *post*, we affirm the judgment.

1

**STATEMENT OF THE CASE**

On April 21, 2021, a felony complaint charged defendant with "sale/offer to sell/transportation of a controlled substance" under Health and Safety Code section 11379, subdivision (a) (count 1); and with "possession for sale of a controlled substance" under Health and Safety Code section 11378 (count 2).

On September 20, 2021, defendant pled no contest to count 2, a violation of Health and Safety Code section 11378. Thereafter, the court dismissed count 1. The court sentenced defendant to the low term of 16 months, and awarded 14 days of conduct credits.

On October 1, 2021, defense counsel filed a request for the matter to be calendared, "For: Withdraw Plea." Thereafter, on October 4, 2021, defense counsel filed a notice of appeal challenging "the validity of the plea or admission" with the trial court. In the request for certificate of probable cause, defendant stated that she was not in the "right state of mind" when she entered her no contest plea. Defendant's notice of appeal was filed by the trial court on October 6, 2021. That day, the court denied defendant's request for a certificate of probable cause. In the order, the court wrote: "Denied, not ripe."

On November 4, 2021, after several continuances, the case was on the court's calendar for a motion to withdraw the no contest plea. The court stated: "So, folks, on further discussion, just so you know, the Court denied a certificate of probable cause as moot. The Court has no jurisdiction otherwise, in any event, because the appeal has been filed and cuts off my jurisdiction." Thereafter, at the conclusion of the hearing, the court

2

stated that it was going to let the "appeal run its course" and take the motion off calendar.

On May 16, 2022, this court issued an order stating that defendant filed a notice of appeal on October 6, 2021. We noted that defendant "either failed to file the written statement required by Penal Code, section 1237.5 with the notice of appeal, or the trial court issued an order denying a certificate of probable cause." However, we determined defendant is entitled to the benefit of a change to California Rules of Court, rule 8.304(b)(3), effective January 1, 2022. "Consequently, pursuant to California Rules of Court, rule 8.304(b)(3) and Penal Code, section 1237.5, the appeal shall proceed and is limited to issues that do not require a certificate of probable cause."

## STATEMENT OF FACTS

Since defendant pled no contest, the statement of facts is taken from the police report.[1]

On November 13, 2020, defendant was a passenger in a vehicle. Officer Becerril stopped the vehicle for failing to use a turn signal and having tinted windows. The officer detained the three occupants of the vehicle.

Defendant told Officer Becerril that she was on probation in Los Angeles County. She also confessed that she had methamphetamine hidden in her underwear. Officer Becerril's female partner, Officer Morris, searched defendant and found a bag that contained "a white crystal like substance in it." Office Becerril "recognized the

---

[1] After defendant pled no contest, the trial court stated that there was a factual basis for the plea and accepted defendant's plea.

substance as suspected methamphetamine." After examining the methamphetamine, the officer stated it weighed about two ounces.

After being advised of her rights under *Miranda*[2] defendant told Officer Becerril that she purchased the methamphetamine for $300 on behalf of another person, and this was the largest amount she had ever purchased.

## DISCUSSION

After defendant appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error:

1. "Did the court err in finding it did not have jurisdiction to hear [defendant]'s motion to withdraw her plea?"

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

4

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

FIELDS _____

J.